HAROLD WILLIAMS, Appellant, *v.* EDWARD DEV. TOMPKINS, INC., Respondent.

First Department, June 6, 1924.

Trial — preference — action on promissory notes — preference may be granted at any time under Rules of Supreme Court, Trial Term, First Judicial District, New York county, rule 6, subd. 1 — preference need not be claimed as matter of right under Civil Practice Act, § 141, when notice of trial is served — claim of undue advantage may be overcome by court fixing proper day for trial.

The court has power under subdivision 1 of rule 6 of the Trial Term Rules of the Supreme Court of the First Judicial District, New York county, to grant a preference in an action on promissory notes at any time after the case is noticed for trial and the defendant is not bound to claim the right to preference by section 141 of the Civil Practice Act at the time of serving the notice of trial.

Any claim that an undue advantage may be taken by asking for preference long after the original notice of trial is served may be overcome by the court's exercise of discretion in fixing a proper date for the trial in the order preferring the same.

APPEAL by the plaintiff, Harold Williams, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 18th day of April, 1924, as resettled by an order entered in said clerk's office on the 25th day of April, 1924, denying his motion for a preference in an action on twenty-two promissory notes.

*Katz & Sommerich [Otto C. Sommerich* of counsel; *Maxwell C. Katz* with him on the brief], for the appellant.

*Lamar Hardy [Selig Edelman* of counsel; *David Brady* with him on the brief], for the respondent.

McAvoy, J.:

This is an appeal from an order made at Trial Term, denying plaintiff's motion for a preference in an action on twenty-two promissory notes.

The action was commenced on June 14, 1922. Issue was finally joined by service of a reply on the 19th day of July, 1923. The action was noticed for trial for the October, 1923, term and the note of issue was filed for said term. The application for preference was not made until the April, 1924, term of the Supreme Court, the reason being that on or about the 11th day of June, 1923, applications were pending in relation to the pleadings and as to the addition of parties, in which appeals were taken to the Appellate Division. After the appeals were determined in April last, this application was made.

The Trial Term Rules of the First Judicial District, New York County, have their origin both in the inherent power of the court and in the Judiciary Law, section 83, as amended by chapter 390 of the Laws of 1922, and sections 84 and 99. Trial Term rule 6, subdivision 1, permits applications for preference to be made in the classes of actions enumerated upon two days' notice at any time after the case is placed on the calendar, and reads as follows: "In an action wherein the plaintiff seeks to recover a debt or liquidated demand upon a bond or other obligation for the payment of a specific sum of money, or upon a bond or undertaking on appeal, or upon a negotiable instrument, or for goods sold and accepted, either party may, after the cause has been placed on the General Calendar upon two days' notice of motion to the opposing party, apply to the justice holding Part II for an order placing said cause on the Reserve Calendar for a day certain."

Plaintiff's application was within this rule.

In this case the court felt constrained to follow the ruling of this court in the case of *Colonial Knitting Mills* v. *Hosiery Mfrs. Corp.* (206 App. Div. 700). There was no opinion written in that case. The memorandum on the appeal reads as follows: "Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that no timely notice of a claim for a preference was given."

That cause was an action for goods sold and accepted. The ruling there was evidently based upon the claim in defendant's

brief that the preference was one which had to be claimed as a matter of right under section 141 of the Civil Practice Act, when serving the notice of trial. The history of subdivision 1 of rule 6 of the Trial Term Rules does not warrant that construction of the provisions of statute and rule, and its effect must be disaffirmed.

Of course any claim that an undue advantage may be taken by moving a cause long after the original notice of trial has been served may be overcome by the court's exercise of discretion in fixing a proper date for trial in the order preferring the cause.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.