NORMAN J. EDELMAN and SAMUEL S. TOBACK, Appellants, v. ARCOLA REALTY CORPORATION, Respondent.— Order denying plaintiffs' motion to direct the clerk to advance the case upon the calendar reversed upon the law and the facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and the clerk directed to place the case on the day calendar for March 31, 1930. The record herein discloses that the action is upon a contract and that plaintiffs have complied with all the requirements of rule 10 of Queens County Supreme Court Trial Term Rules, adopted pursuant to section 83 of the Judiciary Law, thus entitling them to the advancement of the case upon the calendar. (*Williams* v. *Tompkins, Inc.*, 209 App. Div. 546.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

FIREMAN'S FUND INSURANCE COMPANY, Respondent, v. MICHAEL J. SIMON and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

SARAH FRIEDLANDER, as Administratrix, etc., of BENJAMIN FRIEDLANDER, Deceased, Appellant, v. BESSIE MEISLICH, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

DAVID FRUMKIN and SOPHIE FRUMKIN, Respondents, v. SILRUT HOLDING Co., INC., Appellant, and JOSEPH WEISHOLTZ and Others, Defendants.— Appeal withdrawn upon stipulation of counsel. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

JACK GOLDSTEIN, Administrator, etc., of REBECCA GOLDSTEIN, Deceased, Appellant, v. ISAAC WAGNER and Others, Respondents.— Order denying plaintiff's motion for examination before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; examination to proceed on five days' notice at ten o'clock in the forenoon at the place stated in the notice. In this action, brought under the Debtor and Creditor Law (§ 278), the plaintiff seeks judgment setting aside a fraudulent transfer of property upon proof of his claim as a creditor of defendant Isaac Wagner. An examination of the defendants as to the alleged fraudulent transfer does not deprive defendant Isaac Wagner of any right that he may have to have the original claim to money damages tried by a jury. The purpose of the Debtor and Creditor Law (§ 278) is to permit the plaintiff to " establish his debt, whether matured or unmatured, and challenge the conveyance in the compass of a single suit." (*American Surety Co.* v. *Conner*, 251 N. Y. 1, 8.) Lazansky, P. J., Kapper, Hagarty and Scudder, JJ., concur; Rich, J., dissents.