## Second Department, August, 1956 *
### (August 30, 1956)

■ Mary Hanley, Respondent, v. Byrne Bros., Inc., et al., Appellants. — In an action to recover damages for personal injuries, order granting a preference pursuant to subdivision 3 of rule 151 of the Rules of Civil Practice affirmed, with $10 costs and disbursements. On the merits, there was a sufficient showing of indigence and special circumstances to warrant the granting of the motion in the interests of justice (*Cohen* v. *King Toys & Stationery Co.*, 284 App. Div. 1050). The motion was returnable before Special Term, Part I, of the Supreme Court, Westchester County. At Special Term, appellants contended that motions for preferences must be made at Trial Term, Part I, or at a Pretrial Term. Special Term referred the motion to the Justice presiding at Trial Term, Part I, who granted the motion. Appellants requested an opportunity to present oral argument before Trial Term, Part I, and stated that they had been deprived of the opportunity to present an additional affidavit. Trial Term withdrew its decision and allowed reargument and the presentation of an additional affidavit by appellants. That additional affidavit discussed the merits of the motion. After reargument, the motion was granted. Appellants contend that under the circumstances present, neither Special Term, Part I, nor Trial Term, Part I, had the power to grant the motion. The motion was properly made at Special Term, Part I, of the Supreme Court, Westchester County, which has the power to grant motions for preferences under subdivision 3 of rule 151 of the Rules of Civil Practice (Westchester County Supreme Court Rules, rule 6, subd. [a]; *Sheridan* v. *Salvatore*, 284 App. Div. 986; *Migliorisi* v. *RKO-Keith-Orpheum Theatres*, 1 A D 2d 836; *Edelman* v. *Arcola Realty Corp.*, 228 App. Div. 847; *Williams* v. *Edward De V. Tompkins, Inc.*, 209 App. Div. 546; Judiciary Law, §§ 83, 85, 86; cf. Bronx County Supreme Court Rules, rule III and the rule quoted in *Brown* v. *Upfold*, 204 Misc. 416). But, under the circumstances present herein, appellants may not successfully contend that Trial Term, Part I, had no power to grant the motion for a preference. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of De Witt S. Copp et al., Appellants-Respondents, against John J. S. Mead et al., Constituting the Town Board of the Town of Lewisboro, et al., Respondents-Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the town board of the Town of Lewisboro, Westchester County, which granted an application for a permit to excavate and remove sand, gravel and other subsoil from property situate in said town. Petitioners, who are adjoining landowners, appeal from so much of an order as dismisses the petition. Respondents cross-appeal from so much of said order as denies their motion to strike out portions of the reply. Order unanimously affirmed, with $10 costs and disbursements to respondents-appellants. Cross appeal dismissed as academic, without costs. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

## First Department, September, 1956 * *
### (September 25, 1956)

■ In the Matter of Henry A. Adams, Petitioner, against City of New York Department of Personnel Civil Service Commission, Respondent.— Motion dismissed, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

---

* Not published with other decisions of August, 1956.— [Rep.
* * Not published with other decisions of September 25, 1956.— [Rep.