Arthur D. Brennan, J.
The defendants, husband and wife, move to dismiss the complaint herein for legal insufficiency.
The complaint contains two causes of action founded on article 10 of the Debtor and Creditor Law. In the first cause of action, the plaintiff, being the assignee of a judgment against the husband only, seeks to have his judgment declared a lien upon certain real property (owned by the defendant wife) to the extent of certain payments made by the husband in reduction of one or more mortgages on said property and in connection with the payment of various improvements and other *544 expenses thereon. It is alleged that the said premises were conveyed by the husband to his wife in 1945; that some of the aforesaid payments were made prior to the making of the note on which the plaintiff’s judgment is based; that other payments were made after the date of said note; that with respect to the aforesaid prior payments, the defendant husband intended to and believed that he would incur debts beyond his ability to pay as and when the same matured and that said prior payments were made with fraudulent intent to avoid payment of his subsequent debts when the same matured; that all of the aforesaid payments were made with intent to defraud the plaintiff’s assignor; that said payments were made without consideration; that said payments rendered the husband insolvent; and that the wife accepted said payments with knowledge of her husband’s fraudulent intent. In the second cause of action, the plaintiff seeks to set aside the transfers of certain securities alleged to have been transferred by the husband to his wife prior to the making of the afore-mentioned note; that when said transfers were made, the husband intended to and believed he would incur debts beyond his ability to pay as the same matured and that said transfers were made with fraudulent intent to avoid payment of his subsequent debts when the same matured; that said transfers were also made without consideration with the intent to defraud his subsequent creditors, including plaintiff’s assignor; that the wife had knowledge of such intent; and that the husband was rendered insolvent by the same.
In passing on the instant motion, there exists the fundamental requirement that the allegations contained in the complaint must be assumed to be true. In this court’s opinion the first cause of action must be held legally sufficient insofar as the same relates to payments made by the husband subsequent to the date of the obligation upon which the judgment is based. A more serious question is presented with respect to those payments made and the transfers of securities effected prior to the date of the afore-mentioned note. However, it has been held that under the provisions of article 10 of the Debtor and Creditor Law (particularly sections 275 and 276 thereof) a conveyance made with an actual and contemporary intent to defraud subsequent creditors may be challenged for fraud and set aside by them where the grantee participated in such fraud; and it is sufficient if such fraudulent intent existed either specifically or generally with respect to the subsequent creditor or creditors. (Matter of Campbell, 164 Misc. 632, 638, -and cases cited therein; and see, also, 37 C. J. S., Fraudu *545 lent Conveyances, p. 961 et seq.) And it may be noted that under section 270 of the Debtor and Creditor Law, a “ conveyance ”, as therein defined, includes a payment of money.
Upon a consideration of those allegations of the first cause of action and the second cause of action relating to the payments and transfers made prior to the date of the above note, it is this court’s view that the same are legally sufficient to allege a cause of action to set aside the same as conveyances made in fraud of the plaintiff’s assignor as a subsequent creditor. Whether all of the transfers complained of were made within 10 years prior to the commencement of this action, whether an actual and contemporary intent to defraud subsequent creditors existed when the prior transfers were made, whether there was or is such a connection between the act of the debtor and the liability which subsequently accrued as to justify a finding that such intent existed, and whether the transfers were received with fraudulent intent on the part of the wife, are all matters to be determined on the trial of the action. In said connection, see section 53 of the Civil Practice Act; Glenn on Fraudulent Conveyances and Preferences (rev. ed.) Vol. 1, section 319 et seq., and Durland v. Crawford (183 App. Div. 763).
Accordingly, the motion is denied. Submit order.