■ JR & J HOLDING Co., Respondent, v JACOB RABINOWITZ et al., Appellants, et al., Defendants. [607 NYS2d 724] —In an action, inter alia, for a judgment declaring a conveyance fraudulent and to recover damages, the defendants Jacob Rabinowitz, Hadassa Rabinowitz, Yosef Ludmir and Edna Ludmir appeal from an order of the Supreme Court, Kings County (Held, J.), entered January 9, 1992, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellants' motion to dismiss the complaint insofar as it is asserted against them for failure to state a cause of action. The allegations of the complaint sufficiently set forth a cause of action based upon a fraudulent conveyance under Debtor and Creditor Law § 276, which provides that "[e]very conveyance made and every

obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors". Thus, contrary to the appellants' contention, the plain language of the statute reaches conveyances intended to defraud future creditors, including conveyances which occurred prior to the time the obligation to the plaintiff arose (see, Kashan v Kosoff, 112 AD2d 350; Bein v Baer, 7 Misc 2d 543; see also, United States v Cohn, 682 F Supp 209). Bracken, J. P., Rosenblatt, Copertino and Hart, JJ., concur.