■ ROBERT KENDZIA et al., Appellants, v BERGE GREGIAN, Defendant, and SONYA GREGIAN, Respondent. [635 NYS2d 886] —Or-

der unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting the motion of defendant Sonya Gregian (Sonya) for summary judgment dismissing the complaint against her.

It is undisputed that plaintiffs made a loan of $20,000 on August 15, 1991 to defendant Berge Gregian (Berge) for his business purpose. By deed dated October 4, 1991, and recorded October 16, 1991, title to a house in Lewiston, New York, was conveyed to Berge and Sonya, his spouse, for a consideration of $160,000. By deed acknowledged October 11, 1991, and recorded October 24, 1991, Berge conveyed his interest in the Lewiston house to Sonya. The transfer tax stamp on the deed indicates that there was no consideration for that conveyance. On October 17, 1991, in the interval between the acknowledgement and recording of the deed, plaintiffs made another loan to Berge of $40,000. It is also undisputed that a New York State tax warrant of $3,663.42 was filed against Berge on February 2, 1993 for the quarters ending August 31, 1990, November 30, 1990, February 28, 1991 and May 31, 1991. Additionally, a judgment was obtained against Berge on June 8, 1993 for $401,456.29 arising out of a loan to him by a third person in November 1990. On February 11, 1994, defendants entered into a separation agreement; the only real property mentioned is the Lewiston house. The agreement further indicates that Berge is undergoing an IRS audit for the years 1988 through 1991.

Plaintiffs brought this action to set aside the conveyance of Berge's interest in the Lewiston house to Sonya. In opposing Sonya's motion for summary judgment, plaintiffs made a sufficient showing by evidence in admissible form that there are, at the very least, questions of fact whether at the time of the transfer Berge was or would be thereby rendered insolvent *(see,* Debtor and Creditor Law §§ 271, 273, 274; *Schmitt v Morgan,* 98 AD2d 934, *appeal dismissed* 62 NY2d 914), and whether Berge made the transfer with the intent "to hinder, delay, or defraud either present or future creditors" (Debtor and Creditor Law § 276; *see, Matter of AMEV Capital Corp. v Kirk,* 180 AD2d 775, *appeal dismissed* 80 NY2d 825). It is immaterial that the obligation may not have matured, or even that it did not exist, at the time of the transfer *(see,* Debtor and Creditor Law §§ 270, 275; *Berkowitz v Berkowitz,* 67 NY2d 737; *JR & J Holding Co. v Rabinowitz,* 201 AD2d 535; *Julien J. Studley, Inc. v Lefrak,* 66 AD2d 208, 215-216, *affd* 48 NY2d 954). Further, it is not necessary that a grantee or transferee be a party to the underlying debt (Debtor and Creditor Law

§§ 278, 279; *Goldstein v Wagner,* 228 App Div 847). The purpose of section 278 of the Debtor and Creditor Law "is to permit the plaintiff to 'establish his debt, whether matured or unmatured, and challenge the conveyance in the compass of a single suit' [citation omitted]" *(Goldstein v Wagner, supra* at 847). Appeal from Order of Supreme Court, Niagara County, Mintz, J.— Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.