■ M. Rashid Chaudhry et al., Respondents, v Adel R. Abadir et al., Appellants. [692 NYS2d 399] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 28, 1998, as granted that branch of the plaintiffs' motion which was to compel production of "all documents concerning the financial condition of Central Queens [Day Surgical Center, Inc.], including tax returns and financial statements thereof".

Ordered that the order is affirmed insofar as appealed from, with costs.

Given that the plaintiffs were attempting to establish their rights as shareholders in a corporation controlled exclusively

by the defendants, who denied that the plaintiffs had any interest therein, we find no improvident exercise of discretion by the Supreme Court in directing the defendants to produce tax returns as well as financial statements for the subject corporation (*see generally, Kay v Kay,* 223 AD2d 684).

We reject the defendants' contention that in order to demonstrate their entitlement to disclosure of corporate documents in preparation for trial of their claims that they had shareholder rights in the subject corporation, the plaintiffs were required to establish their rights in the corporation. The documents which the defendants have been directed to produce are "material and necessary" for the prosecution of this action (*see,* CPLR 3101 [a]) in that they may lead the plaintiffs to admissible proof of their alleged rights in the corporation (*see, LoVerde v Interex Design & Equip. Corp.,* 54 AD2d 1090; *see also, Matter of Koch v Specto Opt.,* 184 AD2d 701, 704; *see generally, Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance,* 226 AD2d 175). S. Miller, J. P., O'Brien, Ritter and Luciano, JJ., concur.