■ MICHAEL C. TRIMARCO, Respondent, v DATA TREASURY CORPORATION, Appellant. [873 NYS2d 701]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated August 27, 2007, as granted that branch of the plaintiff's motion which was to compel discovery of information related to the defendant's shareholders.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was an employee of the defendant, a closely-held corporation, pursuant to an employment agreement (hereinafter the agreement) commencing in April 2002. Pursuant to the agreement, the plaintiff's compensation included an option to purchase shares of stock in the defendant for a period of 10 years. In November 2003, after the plaintiff had left the defendant's employ, he sought to exercise the stock option; the defendant refused to tender the shares. The plaintiff commenced this action, and, in April 2007, requested that the defendant provide information regarding its current shareholders. In response, the defendant maintained that such information was not necessary to the plaintiff's claim, as the claim related to a breach allegedly occurring four years earlier, in 2003.

Parties are entitled to disclosure of all matter "material and necessary" to prosecution of the action (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406 [1968]; *Chaudhry v Abadir,* 261 AD2d 497 [1999]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which sought certain shareholder information in order to determine stock values (*see Chaudhry v Abadir,* 261 AD2d 497, 498 [1999]; *LoVerde v Interex Design & Equip. Corp.,* 54 AD2d 1090 [1976]). Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.