■ JAMES W. HOLME, Respondent, v GLOBAL MINERALS AND METALS CORP. et al., Appellants. [934 NYS2d 30]—

The court providently exercised its discretion by granting an adverse inference charge against defendants due to their spoliation of their electronic accounting and trading records. Defendants had an obligation to preserve such records because they should have foreseen that the underlying litigation might give rise to the instant enforcement action; the records were destroyed with a culpable state of mind; and they are relevant to plaintiff's claims of fraudulent conveyances (*see Ahroner v Israel Discount Bank of N.Y.*, 79 AD3d 481, 482 [2010]; *Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17 [2000]), which this Court previously held were sufficiently pleaded to withstand dismissal (*Belding v Verizon N.Y., Inc.*, 65 AD3d 414 [2009]).

Further, the court providently exercised its discretion by imposing sanctions for defendants' alleged failure to comply with orders to provide Global's complete general ledgers and unredacted master index.

The IAS court also providently exercised its discretion by ordering defendants Campbell and Shah to produce their indi-

vidual tax returns. Although disclosure of tax returns is generally disfavored, special circumstances exist in that plaintiff seeks to support his alter ego and de facto merger claims by showing that Global's assets were improperly transferred while Global was going out of business (*see Berger v Fete Cab Corp.*, 57 AD2d 784 [1977]; *Chaudhry v Abadir*, 261 AD2d 497 [1999]). Concur— Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.