*794 The plaintiff was performing demolition and construction work at the defendant’s vacation home in the Village of South Hampton (hereinafter the subject premises). As he was doing so, he was standing outside on a flat exterior roof approximately 10 feet above the ground when he fell, allegedly sustaining injuries. Pursuant to a pre-litigation court order, the defendant was required to allow the plaintiff access to the outside of the subject premises to inspect, measure, and photograph the site where the accident occurred. After the plaintiff commenced this action, he moved pursuant to CPLR 3120 (1) (ii) to direct the defendant to allow him entry into the interior of the subject premises for the purpose of inspecting, measuring, surveying, and photographing the site where the accident occurred. The Supreme Court denied the plaintiffs motion. We affirm.
“Parties are entitled to disclosure of all matter ‘material and necessary’ to prosecution of the action” (Matter of Skolinsky, 70 AD3d 845, 845 [2010], quoting CPLR 3101 [a]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Trimarco v Data Treasury Corp., 59 AD3d 615, 615 [2009]). “The phrase ‘material and necessary’ should be interpreted liberally, and the test is one of ‘usefulness and reason’ ” (Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283 [2011], quoting Kooper v Kooper, 74 AD3d 6, 10 [2010]). “It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy” (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [1989] [citations omitted]; see Foster v Herbert Slepoy Corp., 74 AD3d 1139, 1140 [2010]). “The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court” (Bernardis v Town of Islip, 95 AD3d 1050, 1050 [2012]; see Kooper v Kooper, 74 AD3d at 17).
Under the circumstances of this case, where the accident occurred on the exterior of the subject premises and there were no allegations that would render any aspect of the interior relevant to the plaintiffs case, the plaintiff failed to establish that access to the interior of the subject premises would yield matter *795 “ ‘material and necessary’ to prosecution of the action” (Matter of Skolinsky, 70 AD3d at 845, quoting CPLR 3101 [a]; see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406; Trimarco v Data Treasury Corp., 59 AD3d at 615). Accordingly, notwithstanding that the defendant failed to demonstrate that he would be unduly prejudiced or burdened if the plaintiff’s motion were granted (see Montalvo v CVS Pharmacy, Inc., 81 AD3d 611, 612 [2011]; see also CPLR 3103 [a]), the Supreme Court providently exercised its discretion in denying the plaintiff’s motion. Angiolillo, J.E, Dickerson, Belen and Miller, JJ., concur.