Day v Serenity Pharms., LLC (2023 NY Slip Op 00812)

Day v Serenity Pharms., LLC

2023 NY Slip Op 00812

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 657373/19 Appeal No. 17341 Case No. 2022-04196 

[*1]Jones Day, Plaintiff-Respondent,
v
Serenity Pharmaceuticals, LLC, et al., Defendants-Appellants.

Mandel Bhandari LLP, New York (Donald Conklin of counsel), for appellants.
Jones Day, New York (Rebekah Blake of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 6, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to compel defendant Serenity Pharmaceuticals, LLC (Serenity) to produce documents relating to distributions from Allergan Pharmaceuticals, Inc. (Allergan) to Serenity and Serenity's disposition of those funds, to compel defendants Samuel Herschkowitz and Alain Kodsi (the individual defendants) to produce their tax returns, their investment and bank account statements, their financial planning and audit documents, and to compel defendants to respond to interrogatories demanding the identification of any trusts with which the individual defendants are affiliated, unanimously modified, on the law and the facts, to deny the motion as to the requests for the disclosure of the individual defendants' tax returns, their investment and bank account statements, and their financial planning and audit documents, and to limit the scope of defendants' required response to the aforementioned interrogatories to the identification of trusts with which the individual defendants are affiliated that have engaged in transactions with Serenity, and otherwise affirmed, without costs.
Initially, defendants' failure to include the transcript of the oral argument on the motion to compel does not warrant dismissal of the appeal under the circumstances here.
On the merits, the court providently exercised its discretion in compelling Serenity to produce all documents relating to distributions that Serenity received from Allergen and Serenity's disposition of those funds (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Plaintiff demonstrated that the requested disclosures were material and necessary to prosecute its veil-piercing and fraudulent conveyance (Debtor and Creditor Law §§ 274-276) claims, and defendants' arguments in opposition were unavailing (see CPLR 3101[a]). Defendants' arguments were largely attempts to relitigate the merits of plaintiff's claims, which were not properly raised on a discovery motion. To the extent the arguments related to the scope of disclosure, the court properly declined to limit discovery to the specific April 2018 conveyance identified in the complaint and in the court's prior decision denying the individual defendants' motion to dismiss. The court also properly concluded that plaintiff was entitled to discovery on transactions that occurred prior to its retention by defendants to represent Serenity in the underlying patent litigations (see Kendzia v Gregian, 222 AD2d 1008, 1009 [4th Dept 1995]; JR & J Holding Co. v Rabinowitz, 201 AD2d 535, 536 [2d Dept 1994]). Serenity's merger with Acerus Pharmaceuticals Corp., which had purportedly agreed to assume defendants' liabilities in this action, did not negate the need for discovery on plaintiff's claims. Defendants' characterization of plaintiff's discovery [*2]requests as prematurely seeking postjudgment enforcement was properly rejected (see Ross v Stuart Intl., 275 AD2d 650, 651 [1st Dept 2000]; Chase Manhattan Bank [N.A.] v 264 Water St. Assoc., 174 AD2d 504, 505 [1st Dept 1991]).
However, the remaining relief granted by the order under review, insofar as challenged upon this appeal, was improperly granted.
Plaintiff failed to make the requisite "strong showing of necessity" for disclosure of the individual defendants' tax returns. Contrary to plaintiff's position, the existence of viable veil-piercing and fraudulent conveyance claims does not, standing alone, justify disclosure of an individual's personal tax returns (see Samsung Am. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 48 [1st Dept 1993]). Plaintiff does not identify any information contained in the tax returns that is not available from other sources (cf. Holme v Global Mins. & Metals Corp., 90 AD3d 423, 423-424 [1st Dept 2011]).
Plaintiff failed to establish that the individual defendants' personal audit and financial planning documents were material and necessary to the prosecution of its claims, inasmuch as these are not the types of documents generally used to analyze veil-piercing or fraudulent conveyance claims.
Plaintiff also did not show that the individual defendants' investment and bankaccount statements were material and necessary to the prosecution of their claims. Information concerning transfers of funds from Serenity to the individual defendants is best gleaned from Serenity's own investment and bank account statements, which are undisputedly subject to disclosure. It is the initial transfer of funds from Serenity to the individual defendants that shows intent to defraud creditors, not the actions taken by the individual defendants after they received those funds. Plaintiff articulates no substantial need to trace Serenity's funds after they were transferred to the individual defendants.
Finally, as to the interrogatories seeking the identification of trusts with which the individual defendants are affiliated, such information is relevant to this action only with respect to trusts that have engaged in transactions with Serenity. Accordingly, we so limit the scope of defendants' required response to the interrogatories.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023