Espinoza v Tejeda (2024 NY Slip Op 03031)

Espinoza v Tejeda

2024 NY Slip Op 03031

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-04294
 (Index No. 703039/19)

[*1]Luis Fernando Paucar Espinoza, appellant,
v
Natanael Tejeda, et al., respondents (and a third-party action).

Edelman & Edelman, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi Marie Kunzig of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 10, 2022. The order, insofar as appealed from, (1) in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 3120(1)(ii) to direct the defendants to allow him entry into the interior of certain of the defendants' premises to inspect and photograph the rooms and facilities therein, and, (2) in effect, granted the defendants' cross-motion pursuant to CPLR 3101 for a protective order striking so much of the plaintiff's notice for discovery and inspection as sought to inspect the interior of the premises.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for violations of Labor Law §§ 240(1), 241(6), and 200 after he allegedly fell from the roof of premises owned by the defendants and sustained injuries. The defendants answered, and although they denied the allegations regarding the premises being a multiple dwelling, they failed to assert the affirmative defense of the homeowners' exemption to liability under Labor Law §§ 240(1) and 241(6). Thereafter, the defendants amended their answer, but they did not assert that affirmative defense. After the defendants rejected the plaintiff's notice for discovery and inspection of the interior of the premises where the accident occurred, the plaintiff moved pursuant to CPLR 3120(1)(ii), among other things, to direct the defendants to allow him entry into the interior of the premises to inspect and photograph the rooms and facilities therein to determine whether the premises were divided into three separate apartments. The defendants then cross-moved pursuant to CPLR 3103 for a protective order striking so much of the plaintiff's notice for discovery and inspection as sought to inspect the interior of the premises. In an order entered May 10, 2022, the Supreme Court, inter alia, in effect, denied that branch of the plaintiff's motion which was to direct the defendants to allow him entry into the interior of the premises to inspect and photograph the rooms and facilities therein and, in effect, granted the defendants' cross-motion. The plaintiff appeals.
Pursuant to CPLR 3101(a), "'[p]arties are entitled to disclosure of all matter material and necessary to prosecution of the action'" (Wadolowski v Cohen, 99 AD3d 793, 794, quoting Matter of Skolinsky, 70 AD3d 845, 845 [internal quotation marks omitted]). "'The essential test is usefulness and reason'" (Pulgarin v Richmond, 219 AD3d 1356, 1358, quoting Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (101CO, LLC v Sand Land Corp., 189 AD3d 942, 944 [internal quotation marks omitted]; accord Pulgarin v Richmond, 219 AD3d at 1358). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Pulgarin v Richmond, 219 AD3d at 1358 [internal quotation marks omitted]; see Wadolowski v Cohen, 99 AD3d 793).
Here, the Supreme Court providently exercised its discretion in, in effect, denying that branch of the plaintiff's motion which was pursuant to CPLR 3120(1)(ii) to direct the defendants to allow him entry into the interior of the premises to inspect and photograph the rooms and facilities therein. Under the circumstances of this case, where the accident occurred on the exterior of the premises and the defendants have not asserted an affirmative defense to the plaintiff's Labor Law §§ 240(1) and 241(6) causes of action based on the homeowners' exemptions contained in those statutes, the plaintiff failed to establish that access to the interior of the premises would yield matter "material and necessary" to the prosecution of the action (CPLR 3101[a]; see Wadolowski v Cohen, 99 AD3d 793; see also 101CO, LLC v Sand Land Corp., 189 AD3d 942).
Moreover, the Supreme Court providently exercised its discretion in, in effect, granting the defendants' cross-motion for a protective order striking so much of the plaintiff's notice for discovery and inspection as sought to inspect the rooms and facilities therein. "'[P]ursuant to CPLR 3103(a), the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome'" (Venables v Rovegno, 195 AD3d 876, 879, quoting Arch Ins. Co. v Delric Constr. Co., Inc., 174 AD3d 560, 561). Here, the plaintiff's notice for discovery and inspection was palpably improper (see Ceballos v New York City Hous. Auth., 173 AD3d 1132, 1134; Wadolowski v Cohen, 99 AD3d 793). Contrary to the plaintiff's contention, the defendants' cross-motion for a protective order was not untimely pursuant to CPLR 3122 (see id. § 3103[a]; Ceballos v New York City Hous. Auth., 173 AD3d at 1134).
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court