Chacon v New York City Tr. Auth. (2024 NY Slip Op 05199)

Chacon v New York City Tr. Auth.

2024 NY Slip Op 05199

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-01374
 (Index No. 709100/16)

[*1]Marlene Chacon, respondent, 
v
New York City Transit Authority, et al., appellants.

Landman Corsi Ballaine & Ford, P.C., New York, NY (Andrew P. Keaveney of counsel), for appellants.
Roth & Roth LLP, New York, NY (Eilliat D. Shields and David A. Roth of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered January 30, 2023. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court entered April 20, 2022, as, in effect, granted that branch of the plaintiff's prior motion which was to compel the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring anywhere within the New York City subway system for 10 years prior to the date of the accident only to the extent of directing the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring at the subway platform where the accident occurred for 3 prior to the date of the accident, and thereupon, in effect, granted that branch of the plaintiff's prior motion to the extent of directing the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring anywhere within the New York City subway system for 3 years prior to the date of the accident.
ORDERED that the order entered January 30, 2023, is affirmed insofar as appealed from, with costs.
On September 10, 2015, the plaintiff allegedly was injured when she fell into the gap between the subway platform and the train at the 82nd Street subway station in Queens while attempting to board the train. The plaintiff commenced this action to recover damages for personal injuries against the defendants, New York City Transit Authority and Metropolitan Transportation Authority. The plaintiff subsequently moved, among other things, to compel the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring anywhere within the New York City subway system for 10 years prior to the date of the accident. In an order entered April 20, 2022, the Supreme Court, inter alia, in effect, granted that branch of the plaintiff's motion to the extent of directing the defendants to produce "documents related to all gap-related studies, reports, accidents and/or injuries . . . for 3 years prior to the accident at the subway platform at issue only." The plaintiff then moved, among other things, for leave to reargue that branch of her prior motion. In an order entered January 30, 2023, the Supreme Court, inter alia, granted leave to reargue and, upon reargument, in effect, vacated so much of the order entered April 20, 2022, as, in effect, granted the subject branch of the plaintiff's prior motion only to the extent of directing the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring at the subway platform where the accident occurred for 3 prior to the date [*2]of the accident, and thereupon, in effect, granted that branch of the plaintiff's prior motion to the extent of directing the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring anywhere within the New York City subway system for 3 years prior to the date of the accident. The defendants appeal from the order entered January 30, 2024.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action." The phrase "material and necessary" should be interpreted liberally, and the test is one of usefulness and reason (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [citations omitted]; see Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 496; Wadolowski v Cohen, 99 AD3d 793, 794). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Bernardis v Town of Islip, 95 AD3d 1050, 1050; see Wadolowski v Cohen, 99 AD3d at 794).
Upon reargument, the Supreme Court providently exercised its discretion in, in effect, granting the subject branch of the plaintiff's prior motion to the extent of directing the defendants to produce documents related to all gap-related studies, reports, accidents, and/or injuries occurring anywhere within the New York City subway system for three years prior to the date of the accident. The plaintiff established that access to these documents may yield information material and necessary to the prosecution of the action, including information related to the defendants' notice of the alleged dangerous condition that caused her accident and their duty to the plaintiff (see Lau v New York City Tr. Auth., 201 AD3d 470).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court