| GMH Star W. LLC v TGCA Star W. LLC |
|:---:|
| 2026 NY Slip Op 30772(U) |
| March 2, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523970/2023 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 2nd day of March 2026.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------x

GMH STAR WEST LLC, et al.,

       Plaintiffs,         Index No. 523970/2023

    -against-           Cal. No. 15    MS 5

TGCA STAR WEST LLC, et al.,       **Decision and Order**

       Defendants.

-------------------------------------------------------------------x

The following e-filed papers read herein:     NYSCEF Doc Nos.
MS 5                   105-113, 115-118

Plaintiffs' motion to compel discovery is decided as follows:

### Background

This action arises out of an alleged joint venture among plaintiffs and defendants to acquire and flip certain property in Norfolk, Virginia pursuant to a consulting agreement, under which plaintiffs claim the parties agreed to share the proceeds equally but defendants ultimately excluded plaintiffs and retained the transaction profits.

A Preliminary Conference Order was entered on May 13, 2024. By Conference Order dated March 25, 2025, the Court scheduled party depositions and directed the parties to cure any outstanding document discovery deficiencies by May 5, 2025. At a compliance conference held on September 9, 2025, the parties advised the Court that only two of the four scheduled depositions

1

had been completed, that post-EBT discovery demands had been made during those depositions, and that disputes had arisen concerning those demands. By Conference Order dated September 10, 2025, the Court set a deadline of October 24, 2025 for the filing of the note of issue. The note of issue was not filed. Instead, at a subsequent compliance conference held on November 18, 2025, the parties informed the Court that all depositions had been completed and that, although plaintiffs had served post-EBT discovery requests, defendants refused to produce documents in response thereto. By Conference Order dated November 19, 2025, the Court extended the note of issue deadline to January 30, 2026, and directed that plaintiffs "may file a motion, if any, seeking additional discovery on or before December 10, 2025."

Plaintiffs now move pursuant to CPLR 3124 to compel defendants to comply with post-EBT discovery demands, arguing that defendants' deposition testimony was evasive and revealed material inconsistencies concerning the ownership of affiliated entities and the distribution of millions of dollars in deal proceeds, thereby necessitating additional production of financial records, operating agreements, communications, and other documents directly bearing on liability and damages. In specific, plaintiffs seek the following:

> "[A] Copy of the contract for services entered by Travis Goad or Goad Consulting with GEI Holdings LLC that is referenced in the email at NYSCEF No. 88. Ex. 2, Goad Dep. Tr. at 100:21-10.
> Any written report provided to Goad Consulting or Travis Goad for consulting services Goad Consulting or Travis Goad that he or it received from GEI Holdings LLC. Ex. 2, Goad Dep. Tr. at 100:21-10.
> Any 1099 issued in connection with the $495,000.00 dollars paid to GEI Holdings LLC from Goad Consulting or any entity owned by Travis Goad that is referenced in the email at NYSCEF No. 88. Ex. 2, Goad Dep. Tr. at 111:11-20.
> All legal bills issued in connection with the Macarthur Mall Deal to GEI Advisors LLC, GEI Holdings LLC, Golden East Investors, or any entity owned or controlled by Jake Mansher, Travis Goad, or Joshua Blisko, and all evidence of payment of said legal bills. Ex. 2, Goad Dep. Tr. 233:21-234:4; Id. at 235:2-10.
> The Operating Agreement for GE Investors. Ex. 1, Mansher Dep. Tr. at 209:14-16.
> The operating agreements for Golden East Investors LLC, Golden East Properties LLC, and GEI Holdings LLC. Ex. 1, Mansher Dep. Tr. at 79:3-10.

2

[* 2]

Any 1099 reflecting a payment in connection with the MacArthur Mall deal. Mansher Dep. at 297:9-14.

Any responsive emails to the email request from Ms. Orah Zadeh in the email at NYSCEF No. 88. Ex. 3, Blisko. Dep. Tr. at 164.

The retainer agreement with Arent Fox and the invoices for legal services in connection with the Macarthur Deal. Ex. 3, Blisko Dep. Tr. at 139.

A copy of the WhatsApp Chats between Uri Ben-Ezer and any or all of the defendants. Ex. 2, Goad Dep. Tr. at 125:6-134:12.

All statements showing disbursements made in connection with the Macarthur deal or monies received in connection with the Macarthur deal. Goad Dep. at 242:3-10.

Copies of the formation documents of any corporate entity doing business using the name Golden East Investors. Ex. 1, Mansher Dep. Tr. at 90:7-92:2.

Any bank statements evidencing the receipt of money in connection with the Macarthur Mall deal, including the $810,000.00 discussed in the email chain at Exhibit 12. Ex. 3, Blisko Dep. Tr. at 165.

All documents that show when and which bank accounts were opened for GEI Advisors LLC, and who had signing authority with respect to these accounts. Ex. 3, Blisko Dep. Tr. at 181.

Confirmation From Mansher at his deposition that he produced all communication with Mr Goad discussing the Macarthur deal, including communication that discusses Mr Ben-Ezer and his role in the Macarthur deal."

In opposition, defendants contend that the motion should be denied because many of the requested materials were previously demanded and already produced or do not exist in defendants' possession, other requests are untimely and violate court-ordered discovery deadlines since plaintiffs could have sought them earlier, and several categories of documents are irrelevant or duplicative of materials already available to plaintiffs.

In reply, plaintiffs argue that defendants' claimed lack of possession suggests spoliation rather than compliance, that defendants' evasive deposition testimony justified post-EBT discovery regardless of prior deadlines, and that the requested documents, including communications and records concerning the allocation of transaction proceeds, remain material and necessary and have not been fully produced, warranting an order compelling disclosure.

## Discussion

CPLR 3101 requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." "It is incumbent on the party seeking disclosure to demonstrate that the

[* 3]

method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Wadolowski v Cohen*, 99 AD3d 793, 794 [2d Dept 2012] [citations omitted]). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" *(id.)*.

Here, plaintiffs allege, and defendants do not meaningfully dispute, that "during [d]efendants' deposition testimony no one could testify clearly about the ownership of entities that directly participated in the disputed deal," and "[n]or could they explain the documents reflecting a different allocation of the disputed proceeds." Given the allegations in the complaint and the circumstances of this case, documents directly bearing on the receipt, allocation, and distribution of the proceeds of the property flip at issue are material and necessary to the prosecution of plaintiffs' claims and therefore properly subject to disclosure.

Accordingly, plaintiffs' motion is granted as to all demands, except for the ones seeking "[a] copy of the WhatsApp Chats between Uri Ben-Ezer and any or all of the defendants," "[c]opies of the formation documents of any corporate entity doing business using the name Golden East Investors" and "[c]onfirmation From Mansher at his deposition that he produced all communication[s] with Mr Goad discussing the Macarthur deal, including communication that discusses Mr Ben-Ezer and his role in the Macarthur deal" are hereby denied.

## Conclusion

Based on the foregoing, plaintiffs' motion to compel is granted to the extent set forth above. The remainder of plaintiffs' motion is denied.

It is further ORDERED that within 14 days of entry of this Decision and Order, defendants shall produce documents responsive to the categories granted above, or, to the extent responsive documents do not exist or are not within defendants' possession, shall produce a Jackson affidavit.

4

[* 4]

It is further ORDERED that the note of issue shall be filed on or before April 10, 2026.

Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

5

[* 5]