■ CRAZYTOWN FURNITURE, INC., et al., Respondents, v BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendants. —In an action to recover damages for injury to property, the defendant Brooklyn Union Gas Company appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Hurowitz, J.), dated January 22, 1988, which, *inter alia,* (1) granted the motion of the plaintiffs Dolgin Enterprises, Ltd. and Dolgin-Reidman Associates, Inc. to compel the appellant to produce four additional witnesses for examination before trial, (2) in effect granted those branches of the cross motion of Crazytown Furniture, Inc. and the cross application of Dolgin Enterprises, Ltd. and Dolgin-Reidman Associates, Inc. which were for a protective order barring the disclosure of experts' reports to the extent of barring the disclosure of experts' reports prepared solely for litigation, and (3) granted those branches of the cross motion and cross application which were for a protective order barring disclosure of the plaintiffs' proof of loss statements.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs; and it is further,

Ordered that the depositions of the four additional witnesses shall occur at times and places to be provided in written notices of not less than 10 days, or at such times and places as the parties may agree.

The plaintiffs met their burden of showing that the witness produced by the defendant Brooklyn Union Gas Company possessed "inadequate knowledge as to matters bearing on material issues in the case, which knowledge would assist the plaintiffs in preparation for trial" *(Simon v Advance Equip. Co.,* 126 AD2d 632; *see also, Schillaci v Jamaica Sav. & Loan,* 90 AD2d 770). Therefore, the court did not improvidently exercise its discretion in directing the depositions of the four additional witnesses named at the original deposition who actually made the service calls to the premises at issue and would be most familiar with material facts necessary to the plaintiffs' case *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403).

The court properly barred disclosure of proof of loss statements submitted to the plaintiffs' respective insurance compa-

nies. It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims *(see,* Seigel, NY Prac § 345; CPLR 3101 [a]; 3120; *Allen v Crowell-Collier Publ. Co., supra; Herbst v Bruhn,* 106 AD2d 546), and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy *(see, Herbst v Bruhn, supra).* The appellant here states that "[o]bviously" the proof of loss statements are relevant because they will help determine the losses incurred. This is a bald allegation which, without more, will not suffice to show relevancy. If the appellant needs information regarding the losses incurred, it need only demand a bill of particulars.

We further find that the Supreme Court did not improvidently exercise its discretion in holding that the experts' reports prepared exclusively for litigation were exempt from disclosure *(see, Faraone v Carrollwood Assocs.,* 123 AD2d 344; *Landmark Ins. Co. v Beau Rivage Rest.,* 121 AD2d 98; *Sack v North Am. Sys.,* 115 AD2d 721). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.