■ U.S. ICE CREAM CORP. et al., Appellants, v CARVEL CORPORATION, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated September 4, 1990, as granted that branch of the motion of the defendant Carvel Corporation which was for a protective order as to portions of a certain deposition transcript and all of a certain settlement agreement and denied that branch of the plaintiffs' cross motion which was to compel disclosure of all of the deposition transcript and for production of all of the settlement agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the Supreme Court noted, the plaintiffs concede that they have in their possession a copy of the transcript of a deposition taken in an action brought against the defendant Carvel Corporation by its former president. Moreover, because that action was settled before completion of the deposition, no corrected and signed copy of the deposition ever existed. Thus, Carvel Corporation cannot be compelled to produce a complete signed copy of the transcript.

The plaintiffs have failed to demonstrate that production by Carvel Corporation of the agreement settling the litigation brought against it by its former president is reasonably calculated to lead to disclosure of information bearing on the issues in this litigation *(see, Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420; *Herbst v Bruhn,* 106 AD2d 546). We therefore decline to interfere with the Supreme Court's re-

fusal to compel production of the settlement agreement. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.