■ RUFINO TANGALIN et al., Respondents, v MTA LONG ISLAND BUS et al., Appellants, et al., Defendant. [938 NYS2d 338]—

We agree with the appellants' contention that the Supreme Court erroneously treated their motion to vacate so much of an order as directed them to produce certain portions of the Bus Operator Training Participant's Guide of the defendant MTA Long Island Bus (hereinafter the Guide) as one for leave to reargue. Moreover, since that order was not appealable as of right because it did not decide a motion made on notice, it was procedurally proper for the appellant to move pursuant to CPLR 2221 (a) to vacate the disputed portion of the order (*see Mega Constr. Corp. v Benson Park Assoc., LLC*, 60 AD3d 826, 827 [2009]; *Koczen v VMR Corp.*, 300 AD2d 285 [2002]; *Pagan v Penthouse Mfg. Co.*, 121 AD2d 374 [1986]).

The Supreme Court should have granted the appellants' motion to vacate so much of the order as directed them to produce certain portions of the Guide other than the portions involving railroad crossings. Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior, and a plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention (*see Neiger v City of New York*, 72 AD3d 663, 664 [2010]; *Ashley v City of New York*, 7 AD3d 742, 743 [2004]; *Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]; *Eifert v Bush*, 27 AD2d 950, 951 [1967], *affd* 22 NY2d 681 [1968]). Since the bus driver in the instant matter was acting within the scope of her employment when the accident occurred, the portions of the Guide relating to the retention or training of the bus driver were not relevant (*see Cheng Feng Fong v New York City Tr. Auth.*, 83 AD3d 642, 643 [2011]; *Neiger v City of New York*, 72 AD3d at 664; *Eifert v Bush*, 27 AD2d at 951). Furthermore, there was no showing that the remaining portions of the Guide which the appellants sought to prevent from disclosure were relevant to the prosecu-

tion or defense of any claim (*see Foster v Herbert Slepoy Corp.*, 74 AD3d 1139, 1140 [2010]; *Vyas v Campbell*, 4 AD3d 417, 418 [2004]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.