■ ANTHONY BERNARDIS et al., Respondents, v TOWN OF ISLIP, Defendant, and JUDITH STEIN et al., Appellants. (And a Third-Party Action.) [944 NYS2d 626]—

In an action for injunctive relief and to recover damages for injury to property, the defendants Judith Stein, David S.J. Neufeld, Gwendolyn Zegel, and Kenneth Stein III appeal from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 21, 2011, which conditionally granted the plaintiffs' motion to quash a subpoena served upon a nonparty witness, and (2) an order of the same court dated October 13, 2011, which denied their motion, inter alia, pursuant to CPLR 3126 to strike the complaint, or, in the alternative, to preclude the nonparty witness from testifying at trial or to direct the nonparty witness to appear for a deposition.

Ordered that the orders are affirmed, with one bill of costs.

The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court (*see Kooper v Kooper*, 74 AD3d 6 [2010]; *Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408 [2009]; *Downing v Moskovits*, 58 AD3d 671 [2009]). The drastic remedy of striking a complaint is inappropriate absent a clear showing that the plaintiff's failure to comply with discovery demands was willful and contumacious (*see Polsky v Tuckman*, 85 AD3d 750 [2011]; *Mazza v Seneca*, 72

AD3d 754 [2010]; *Comprehensive Care of N.Y., P.C. v Manuel A. Romero, P.C.*, 56 AD3d 510 [2008]). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the motion of the defendants Judith Stein, David S.J. Neufeld, Gwendolyn Zegel, and Kenneth Stein III (hereinafter collectively the appellants) which was to strike the complaint on the ground that the plaintiffs' expert disclosure served pursuant to CPLR 3101 (d) (1) (i) was inadequate, as the appellants failed to make a clear showing that the plaintiffs' conduct was willful and contumacious (*see Polsky v Tuckman*, 85 AD3d at 750; *Comprehensive Care of N.Y., P.C. v Manuel A. Romero, P.C.*, 56 AD3d 510 [2008]; *Anonymous v Duane Reade, Inc.*, 49 AD3d 479, 480 [2008]).

Furthermore, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying, at this stage of the proceeding, that branch of the appellants' motion which was to preclude the plaintiffs' expert from testifying due to lack of "reasonable detail" (CPLR 3101 [d] [1] [i]) in the plaintiffs' expert disclosure, since discovery necessary to the complete formulation of the plaintiffs' expert's opinion had yet to be conducted.

The Supreme Court also did not improvidently exercise its discretion in denying that branch of the appellants' motion which was to direct nonparty witness William Lahti to appear for a deposition. Lahti was retained to serve as the plaintiffs' expert in this matter and, thus, the appellants were required to make a showing of special circumstances warranting his deposition (*see* CPLR 3101 [d] [i] [iii]; *McGowan v Great N. Ins. Co.*, 88 AD3d 665, 666 [2011]; *Kooper v Kooper*, 74 AD3d at 12). Here, the appellants failed to make such a showing.

The appellants' remaining contentions are without merit. Skelos, J.P., Dillon, Florio and Belen, JJ., concur.