■ MARY D'ALESSANDRO, as Administratrix of the Estate of ANTHONY MICHAEL D'ALESSANDRO, Deceased, Appellant, v NASSAU HEALTH CARE CORPORATION et al., Defendants, and JANE A. BALDWIN, Respondent. [29 NYS3d 382]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered July 18, 2014, as denied those branches of her motion which were pursuant to CPLR 3124 to compel the defendant Jane A. Baldwin to provide authorizations for the complete records of that defendant's cellular telephone use and the cellular telephone use of the nonparty Robert J. Baldwin for the period between 8:00 p.m. and 10:00 p.m. on April 4, 2012.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant Jane A. Baldwin to provide authorizations for the complete records of that defendant's cellular telephone use for the period between 8:00 p.m. and 10:00 p.m. on April 4, 2012, and substituting therefor a provision granting that branch of her motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On April 4, 2012, at approximately 9:15 p.m., Anthony Michael D'Alessandro (hereinafter the decedent) allegedly was struck by a vehicle that was operated by the defendant Jane A. Baldwin (hereinafter the defendant driver). The decedent was transported to a nearby hospital, where he died. The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for wrongful death, alleging, among other things, that the defendant driver was negligent in the operation of her motor vehicle.

The plaintiff thereafter moved pursuant to CPLR 3124, among other things, to compel the defendant driver to provide

authorizations for the complete records of her cellular phone use and the cellular phone use of her husband, nonparty Robert J. Baldwin, for the period between 8:00 p.m. and 10:00 p.m. on April 4, 2012. The defendant driver opposed disclosure of these cellular telephone records on the ground that the disclosure request was "overly broad, unduly burdensome, irrevelant and improper." In the order appealed from, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals. We modify.

CPLR 3101 (a) (1) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The terms "material and necessary" in this statute "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). At the same time, a party is "not entitled to unlimited, uncontrolled, unfettered disclosure" (*Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2011]; *see Quinones v 9 E. 69th St., LLC*, 132 AD3d 750, 750 [2015]). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (*Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]; *see Quinones v 9 E. 69th St., LLC*, 132 AD3d at 750). "[T]he supervision of discovery is generally left to the trial court's broad discretion" (*Geffner v Mercy Med. Ctr.*, 83 AD3d at 998), and "each request must be evaluated on a case-by-case basis with due regard for the strong policy supporting open disclosure" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]).

Here, contrary to the defendant driver's contention, the plaintiff's request for the disclosure of her cellular telephone records was not premised on "bare allegations of relevancy" (*Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d at 421). Rather, the plaintiff's motion papers adequately demonstrated that the issue of whether the defendant driver was using her cellular telephone at the time of the accident was relevant to the plaintiff's contention that the defendant driver was negligent in the operation of her motor vehicle (*see generally* Vehicle and Traffic Law §§ 1225-c, 1225-d). As such, the plaintiff's request for the defendant driver's cellular telephone records was "reasonably calculated to lead to the discovery of

information bearing on the [plaintiff's] claims" (*Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d at 421), and this portion of the plaintiff's request for disclosure was " 'sufficiently related to the issues in litigation to make the effort to obtain [them] in preparation for trial reasonable' " (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968], quoting 6-310 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3101.07; *see Samide v Roman Catholic Diocese of Brooklyn*, 16 AD3d 482, 483-484 [2005]). Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant driver to provide authorizations for the complete records of her cellular phone use for the period between 8:00 p.m. and 10:00 p.m. on April 4, 2012.

To the extent that the plaintiff contends that the Supreme Court improvidently exercised its discretion in denying that branch of her motion which was pursuant to CPLR 3124 to compel the defendant driver to provide authorizations for the complete records of the cellular phone use of her husband for the period between 8:00 p.m. and 10:00 p.m. on April 4, 2012, her contentions are without merit. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.