101CO, LLC v Sand Land Corp. (2020 NY Slip Op 07328)





101CO, LLC v Sand Land Corp.


2020 NY Slip Op 07328


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-10871
2018-11737
 (Index No. 600470/16)

[*1]101CO, LLC, et al., appellants, 
v
Sand Land Corporation, et al., respondents.


Tooher & Barone, LLP, Albany, NY (Meave M. Tooher and William F. Demarest III of counsel), for appellants.
Matthews, Kirst & Cooley, PLLC, East Hampton, NY (Brian E. Matthews and Deborah Choron of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trespass and nuisance, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated September 1, 2017, and (2) an order of the same court dated September 17, 2018. The order dated September 1, 2017, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3124 to compel the defendants to allow them entry to the defendants' mine for the purpose of inspecting and testing with respect to areas of the mine other than a certain 25-foot buffer at the edge of the mine and the areas of the mine designated as B-1A and B-2A on a map prepared by WSP USA dated November 13, 2018. The order dated September 17, 2018, insofar as appealed from, upon renewal and reargument, adhered to the appealed-from portion of the original determination in the order dated September 1, 2017.
ORDERED that the appeal from the order dated September 1, 2017, is dismissed, as the portion of the order appealed from was superseded by the order dated September 17, 2018, made upon renewal and reargument; and it is further,
ORDERED that the order dated September 17, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
By summons and complaint dated January 12, 2016, the plaintiffs commenced this action against the defendants, inter alia, for injunctive relief and to recover damages for trespass, nuisance, unjust enrichment, and negligence arising out of mining activities performed by the defendants on a 50-acre sand and gravel mine in the hamlet of Bridgehampton, Suffolk County (hereinafter the mine), adjacent to the plaintiffs' property. The plaintiffs served a notice for discovery and inspection dated October 28, 2016, among other things, seeking entry to the mine for the purpose of inspecting and testing certain slopes located thereon and a 25-foot buffer area at the edge of the mine abutting the plaintiffs' property (hereinafter the 25-foot buffer) (see CPLR 3120[1][ii]). By response dated January 5, 2017, the defendants declined to allow the plaintiffs entry [*2]to the mine. By notice of motion dated April 10, 2017, the plaintiffs moved, inter alia, pursuant to CPLR 3124 to compel the defendants to allow them entry to the mine for the purpose of inspecting and testing, and for an award of costs and attorneys' fees associated with the motion. The defendants opposed the motion. In an order dated September 1, 2017, the Supreme Court, among other things, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel the defendants to allow them entry to the mine for the purpose of inspecting and testing only to the extent of directing the defendants to allow them access to the 25-foot buffer, and otherwise denied that branch of the motion.
By notice of motion dated October 27, 2017, the plaintiffs moved, in effect, for leave to renew and reargue that branch of their prior motion which was pursuant to CPLR 3124 to compel the defendants to grant them entry to the mine for the purpose of inspecting and testing. The defendants opposed the plaintiffs' motion. In an order dated September 17, 2018, the Supreme Court, inter alia, upon renewal and reargument, adhered to its prior determination. In a subsequent order, the court, upon renewal, granted that branch of the plaintiffs' prior motion which was to compel the defendants to make available for inspection and testing the areas of the mine designated as B-1A and B-2A on a map prepared by WSP USA dated November 13, 2018. The plaintiffs appeal from the orders dated September 1, 2017, and September 17, 2018.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action." The phrase "material and necessary" should be interpreted liberally, and the test is one of usefulness and reason (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [citations omitted]; see Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 496; Wadolowski v Cohen, 99 AD3d 793, 794). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Bernardis v Town of Islip, 95 AD3d 1050, 1050; see Wadolowski v Cohen, 99 AD3d at 794).
We agree with the Supreme Court's determination, upon renewal and reargument, to adhere to that portion of its prior determination denying those branches of the plaintiffs' motion which were to compel the defendants to allow them entry to the mine for the purpose of inspecting and testing with respect to areas of the mine other than the 25-foot buffer and the areas designated as B-1A and B-2A. The plaintiffs failed to establish that access to these additional areas of the defendants' mine for the purpose of inspecting and testing would yield matter material and necessary to the prosecution of the action (see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406; Wadolowski v Cohen, 99 AD3d at 794-795).
The Supreme Court did not decide that branch of the plaintiffs' motion which was for an award of costs and attorneys' fees. Since that branch of the plaintiffs' motion remains pending and undecided, any arguments that the plaintiffs raise with respect thereto are not properly before this Court (see Saeed v City of New York, 156 AD3d 735, 738; Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914, 916; Katz v Katz, 68 AD2d 536, 542-543).
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court