Rrengo v New York City Tr. Auth. (2022 NY Slip Op 02824)

Rrengo v New York City Tr. Auth.

2022 NY Slip Op 02824

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-06353
 (Index No. 150242/17)

[*1]Anila Rrengo, appellant, 
v
New York City Transit Authority, respondent.

Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Anna Ervolina, Brooklyn, NY (Harriet Wong of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated August 13, 2020. The order denied the plaintiff's motion, inter alia, to compel the defendant to comply with certain discovery demands.
ORDERED that the order is affirmed, with costs.
On July 6, 2016, the plaintiff allegedly was injured while standing in a moving bus operated by the defendant when the driver allegedly abruptly applied the brakes, causing her to fall. In January 2017, the plaintiff commenced this action to recover damages for personal injuries. Thereafter, the plaintiff moved, inter alia, to compel the defendant to comply with certain discovery demands, including for disclosure of any disciplinary records for the bus driver arising from the subject incident, training manuals, and trip logs, and to inspect and photograph a similar bus to the one involved in the subject incident. In an order dated August 13, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The essential test is 'usefulness and reason'" (McMahon v Manners, 158 AD3d 616, 617, quoting Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746). "'It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy'" (101CO, LLC v Sand Land Corp., 189 AD3d 942, 944, quoting Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421). "'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court'" (101CO, LLC v Sand Land Corp., 189 AD3d at 944, quoting Bernardis v Town of Islip, 95 AD3d 1050, 1050).
"'Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior, and a plaintiff may not proceed with a cause of action to recover damages for negligent hiring and [*2]retention'" (Trotman v New York City Tr. Auth., 168 AD3d 1116, 1117, quoting Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767). Here, the defendant conceded that the bus driver was acting within the scope of his employment when the accident occurred. Accordingly, the defendant's training manuals were not relevant to any claim asserted in this action (see Tangalin v MTA Long Is. Bus, 92 AD3d at 767-768). Although prior disciplinary records for the bus driver would also not be relevant (see Trotman v New York City Tr. Auth., 168 AD3d at 1117), the plaintiff sought disciplinary records arising from the subject incident. Nevertheless, the plaintiff failed to establish that disclosure of disciplinary records arising from the subject incident "will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (101CO, LLC v Sand Land Corp., 189 AD3d at 944 [internal quotation marks omitted]; see Ruthman, Mercadante & Hadjis v Nardiello, 288 AD2d 593, 595), or that any disciplinary records arising from the subject incident were ever created.
Furthermore, contrary to the plaintiff's contention, she failed to establish her entitlement to inspect and photograph a similar bus to the one involved in the subject incident (see Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347-348), or to bus logs regarding the bus driver's previous trips on the bus route at issue.
Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to compel compliance with her discovery demands.
The parties' remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court