Pulgarin v Richmond (2023 NY Slip Op 04605)

Pulgarin v Richmond

2023 NY Slip Op 04605

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06009
 (Index No. 507615/19)

[*1]Margarita Pulgarin, appellant,
v
William F. Richmond, et al., respondents.

Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
London Fischer, LLP, New York, NY (Louise T. Cornacchia III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 14, 2022. The order, insofar as appealed from, upon reargument, in effect, vacated the determinations in an order of the same court dated May 17, 2022, denying that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to produce her cell phone for the inspection and collection of geographical data recorded on the device on the date of the subject accident, and granting that branch of the plaintiff's cross-motion which was for a protective order precluding the disclosure of her cell phone, and, thereupon, granted that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to produce her cell phone for the inspection and collection of geographical data recorded on the device on the date of the subject accident, and denied that branch of the plaintiff's cross-motion which was for a protective order precluding the disclosure of her cell phone.
ORDERED that the order dated July 14, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, upon reargument, granting that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to produce her cell phone for the inspection and collection of geographical data recorded on the device on the date of the subject accident, and substituting therefor a provision, upon reargument, granting that branch of the defendants' motion to the extent of compelling the plaintiff to produce her cell phone for the inspection and collection of geographical data recorded on the device between 1:00 p.m. and 4:00 p.m. on the date of the subject accident, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when her vehicle was struck by a vehicle operated by the defendant William F. Richmond (hereinafter the defendant driver) and owned by the defendant Charter Communications. The defendants subsequently moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to produce her cell phone for the inspection and collection of geographical data recorded on the device on the date of the accident. The plaintiff opposed the defendants' motion and cross-moved, among other things, for a protective order precluding the disclosure of [*2]her cell phone. In an order dated May 17, 2022, the Supreme Court, inter alia, denied that branch of the defendants' motion and granted that branch of the plaintiff's cross-motion.
Thereafter, the defendants moved, among other things, for leave to reargue that branch of their prior motion which was pursuant to CPLR 3124 to compel the production of the plaintiff's cell phone for the inspection and collection of geographical data recorded on the device on the date of the accident and, in effect, their opposition to that branch of the plaintiff's cross-motion which was for a protective order. In an order dated July 14, 2022, the Supreme Court, upon reargument, in effect, vacated the determinations in the order dated May 17, 2022, denying that branch of the defendants' prior motion which was pursuant to CPLR 3124 to compel the plaintiff to produce her cell phone for the inspection and collection of geographical data recorded on the device on the date of the accident, and granting that branch of the plaintiff's cross-motion which was for a protective order precluding the disclosure of her cell phone, and, thereupon, granted that branch of the defendants' motion and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The essential test is usefulness and reason" (Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050 [internal quotation marks omitted]). "'It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy'" (id. at 1050, quoting 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944 [internal quotation marks omitted]). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Bernardis v Town of Islip, 95 AD3d 1050, 1050; see Rrengo v New York City Tr. Auth., 204 AD3d at 1050). However, "this Court is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Harris v Christian Church of Canarsie, Inc., 147 AD3d 818, 818).
Here, the defendants' motion papers sufficiently demonstrated that the production of the plaintiff's cell phone for the inspection and collection of geographical data recorded on the device on the date of the accident may result in the disclosure of relevant evidence and was reasonably calculated to lead to the discovery of information bearing on the plaintiff's claim (see Mendives v Curcio, 174 AD3d 796, 798). The affidavit of the defendants' forensic expert demonstrated, among other things, that the plaintiff's cell phone would have recorded data regarding the plaintiff's speed and location before and at the time of the accident, which, under the particular circumstances presented, was relevant to the plaintiff's contention that the defendant driver was negligent in the operation of his vehicle (see Tousant v Aragona, 208 AD3d 1044, 1046; Mendives v Curcio, 174 AD3d at 798; D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196).
The Supreme Court, however, improvidently exercised its discretion in failing to limit the defendants' inspection and collection of geographical data recorded on the plaintiff's cell phone on the date of the accident. Under the circumstances, the defendants' inspection and collection of geographical data from the plaintiff's cell phone shall be limited to such data recorded between 1:00 p.m. and 4:00 p.m. on the date of the accident (see generally D'Alessandro v Nassau Health Care Corp., 137 AD3d at 1197).
The plaintiff's remaining contention is without merit.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court