Mendez v Joseph (2024 NY Slip Op 00762)

Mendez v Joseph

2024 NY Slip Op 00762

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08993
 (Index No. 702853/20)

[*1]Maria Mendez, respondent, 
v
Thomas Joseph, et al., appellants.

Gallo Vitucci Klar LLP, New York, NY (Ryan J. Gerspach of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 24, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel the defendants to comply with certain discovery demands and denied that branch of the defendants' cross-motion which was pursuant to CPLR 3103(a) for a protective order with respect to those discovery demands.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 11, 2019, the plaintiff allegedly was injured when a vehicle she was operating was struck by a vehicle operated by the defendant Thomas Joseph and owned by the defendant Scarsdale Trip Service, Inc., doing business as Red Oak Transportation, Inc. In February 2020, the plaintiff commenced this action, inter alia, to recover damages for personal injuries. The defendants retained investigators to conduct surveillance of the plaintiff. In the course of discovery, the plaintiff moved, among other things, to compel the defendants to comply with certain discovery demands related to the surveillance, and the defendants cross-moved, inter alia, pursuant to CPLR 3103(a) for a protective order with respect to those demands.
In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to compel the defendants to comply with certain discovery demands related to the surveillance to the extent of directing the defendants to produce, among other things, the name and address of the investigation company and the names and addresses of the individuals that conducted the surveillance, all "memoranda, transcripts, notes, logs, journals, and time records of each videographer, photographer, and/or investigator," all raw footage used to compile the DVDs that were exchanged with the plaintiff, and all records relating to "the amount of footage of film, videotape and/or audiotape used, [and] the type of equipment used to take, develop, convert, transfer and edit such film, videotape or audiotape." In addition, the court denied that branch of the defendants' cross-motion which was for a protective order with respect to those discovery demands.
"The supervision of discovery, and the setting of reasonable terms and conditions for [*2]disclosure, are matters within the sound discretion of the trial court" (Bernardis v Town of Islip, 95 AD3d 1050, 1050; see 101CO, LLC v Sand Land Corp., 189 AD3d 942). CPLR 3101(i) provides, in pertinent part, that "there shall be full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof, involving a" party. That provision requires the "disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use" (id.). Surveillance material is "on the same footing as other material generally discoverable under CPLR 3101(a), which likewise contains language requiring the 'full disclosure' of all matter material and relevant to the prosecution or defense of an action" (Pizzo v Lustig, 216 AD3d 38, 47; see Zegarelli v Hughes, 3 NY3d 64, 68; Tai Tran v New Rochelle Hosp. Med. Ctr., 99 NY2d 383, 388).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to compel the defendants to comply with certain discovery demands and denying that branch of the defendants' cross-motion which was pursuant to CPLR 3103(a) for a protective order with respect to those discovery demands. The plaintiff demonstrated that the discovery related to the defendants' surveillance activities that was ordered to be disclosed by the court was material and necessary to the prosecution of this action (see id. § 3101[i]; Beckford v Gross, 3 Misc 3d 638, 639-642 [Sup Ct, Monroe County]; Marigliano v Krumholtz, 159 Misc 2d 596, 600 [Sup Ct, Queens County]; see also Tai Tran v New Rochelle Hosp. Med. Ctr., 99 NY2d at 388). Further, the defendants failed to demonstrate their entitlement to a protective order with respect to those demands (see CPLR 3103[a]).
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court