Adler v Oxford Health Plans (NY), Inc. (2024 NY Slip Op 05585)

Adler v Oxford Health Plans (NY), Inc.

2024 NY Slip Op 05585

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-08780
 (Index No. 42339/10)

[*1]Ronit Adler, etc., appellant, 
v
Oxford Health Plans (NY), Inc., respondent.

Sunshine Isaacson & Hecht, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Robinson & Cole LLP, New York, NY (Michael H. Bernstein and Matthew P. Mazzola of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), dated July 24, 2023. The order denied that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant to comply with certain discovery demands.
ORDERED that the order is affirmed, with costs.
In 2010, the plaintiff commenced this action against the defendant alleging, inter alia, that the defendant had failed to pay her the appropriate rate for professional services rendered to its members. In August 2018, the plaintiff moved, among other things, pursuant to CPLR 3124 to compel the defendant to provide certain documents and information that were sought in a notice to produce served upon the defendant. In an order dated July 24, 2023, the Supreme Court denied that branch of the plaintiff's motion. The plaintiff appeals.
"CPLR 3101(a) directs that generally, 'there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof'" (Strauss v Valkenburg, 227 AD3d 1118, 1118-1119 [alterations omitted], quoting Forman v Henkin, 30 NY3d 656, 661). "Nonetheless, 'although broad,' the right to disclosure 'is not unlimited'" (id. at 1119, quoting Forman v Henkin, 30 NY3d at 661). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050 [internal quotation marks omitted]). "'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the actions before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised'" (Kunwar v Northwell Health, 229 AD3d 528, 530, quoting Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931). Here, the Supreme Court providently exercised its discretion when it determined that the plaintiff failed to demonstrate that the requested [*2]discovery was material and necessary (see 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944; Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421).
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court