Smith-Percival v MTA Bus Co. (2024 NY Slip Op 06000)

Smith-Percival v MTA Bus Co.

2024 NY Slip Op 06000

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03861
 (Index No. 520302/18)

[*1]Merlene Smith-Percival, respondent, 
v
MTA Bus Company, et al., appellants, et al., defendants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Dominick Rendina of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants MTA Bus Company, New York City Transit Authority, and Metropolitan Transportation Authority appeal from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated March 2, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel those defendants to comply with discovery demands for certain GPS records and bus route documents.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 22, 2017, the plaintiff, a passenger on a bus, allegedly was injured when the bus came into contact with a New York City Police Department vehicle. In October 2018, the plaintiff commenced this action to recover damages for personal injuries against, among others, the MTA Bus Company, the New York City Transit Authority, and the Metropolitan Transportation Authority (hereinafter collectively the defendants). Thereafter, the plaintiff moved, inter alia, to compel the defendants to comply with discovery demands for certain GPS records and bus route documents for the bus on the date of the accident. In an order dated March 2, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words material and necessary as used in section 3101 must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Lurie v Lurie, 226 AD3d 992, 995 [internal quotation marks omitted]). "However, a party is not entitled to unlimited, uncontrolled, unfettered disclosure" (C.B. v New York City Tr. Auth., 219 AD3d 1397, 1398 [alteration and internal quotation marks omitted]). "The essential test is usefulness and reason" (Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050 [internal quotation marks omitted]). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy" (Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 496 [internal quotation marks omitted]; see Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421). "The [*2]supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (101CO, LLC v Sand Land Corp., 189 AD3d 942, 944 [internal quotation marks omitted]).
Here, the plaintiff contended that the GPS records and bus route documents may reveal evidence relevant to the "place, proximity, and timing" of the bus at the time of the accident, including the extent to which the location and position of the bus at the time of the accident contributed to and/or caused the accident and the plaintiff's injuries. Thus, the plaintiff sufficiently asserted that the production of the GPS records and bus route documents may result in the disclosure of relevant evidence and is reasonably calculated to lead to the discovery of information bearing on the plaintiff's claim (see Pulgarin v Richmond, 219 AD3d 1356, 1358; D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196-1197).
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court