C.T. v Diocese of Brooklyn (2025 NY Slip Op 03597)

C.T. v Diocese of Brooklyn

2025 NY Slip Op 03597

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-11700
 (Index No. 525255/19)

[*1]C. T., respondent-appellant, 
v
Diocese of Brooklyn, appellant-respondent, et al., defendant.

Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY (Robert M. Ortiz, Jeremy S. Rosof, and Timothy M. Gallagher of counsel), for appellant-respondent.
Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Daniel Ellis, Nicholas MacInnis, and Kyle A. Schiedo of counsel), for respondent-appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for defendant.

DECISION & ORDER
In an action to recover damages for negligent hiring, retention, and supervision, the defendant Diocese of Brooklyn appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated October 30, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel the defendant Diocese of Brooklyn to produce certain portions of a personnel file related to an investigation conducted after the alleged abuse of the plaintiff and denied that branch of the cross-motion of the defendant Diocese of Brooklyn which was pursuant to CPLR 3103(a) for a protective order preventing disclosure of those portions of the personnel file. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was to compel the defendant Diocese of Brooklyn to produce certain portions of the personnel file related to mental health treatment and granted that branch of the cross-motion of the defendant Diocese of Brooklyn which was pursuant to CPLR 3103(a) for a protective order preventing disclosure of those portions of the personnel file.
ORDERED that the order is modified, on the law, by adding thereto a provision directing that the disclosure of certain portions of the personnel file related to the investigation conducted after the alleged abuse of the plaintiff is subject to redaction of the portions of page JRD000062, lines 5, 6, and 8 that include the names of other alleged victims of other priests prior to production to the plaintiff; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In November 2019, the plaintiff commenced this action pursuant to CPLR 214-g against the defendant Diocese of Brooklyn (hereinafter the Diocese), among others, asserting causes of action sounding in negligent hiring, retention, and supervision. The plaintiff alleged, inter alia, that from 1982 to 1985, while he was serving as an altar boy, the defendants negligently failed to prevent sexual abuse allegedly perpetrated upon the plaintiff by John Dwyer, a priest employed by the defendants.
During discovery, the Diocese produced a redacted copy of Dwyer's personnel file. In October 2021, the plaintiff moved to compel the Diocese to produce an unredacted copy of Dwyer's personnel file. The Diocese thereafter cross-moved pursuant to CPLR 3103(a) for a protective order preventing disclosure of the personnel file on the grounds that the redacted portions were privileged or not relevant to the plaintiff's causes of action. In an order dated October 30, 2023, the Supreme Court, after an in camera inspection of the personnel file, inter alia, directed the Diocese to produce certain portions of the personnel file related to an investigation conducted after Dwyer's alleged abuse of the plaintiff, including the name of another alleged victim, and prevented disclosure of certain portions of the personnel file that related to Dwyer's mental health treatment after the alleged abuse occurred. The Diocese appeals, and the plaintiff cross-appeals.
"Pursuant to CPLR 3101(a), '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Smith-Percival v MTA Bus Co., 232 AD3d 928, 929, quoting CPLR 3101[a]). "'The words material and necessary as used in section 3101 must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (id., quoting Lurie v Lurie, 226 AD3d 992, 995). "'[A]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible'" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774 [internal quotation marks omitted], quoting Cajamarca v Osatuk, 163 AD3d 619, 620). Personnel records generally are discoverable where, as here, a plaintiff alleges a cause of action to recover damages for negligent hiring, retention, or supervision (see id.; Blanco v County of Suffolk, 51 AD3d 700, 701-702). "'However, a party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (Smith-Percival v MTA Bus Co., 232 AD3d at 929, quoting C.B. v New York City Tr. Auth., 219 AD3d 1397, 1398). "'The essential test is usefulness and reason'" (id., quoting Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to compel the Diocese to produce certain portions of the personnel file that related to the Diocese's investigation into allegations against Dwyer that postdated his alleged abuse of the plaintiff, and in denying that branch of the Diocese's cross-motion which was for a protective order as to those portions of the personnel file. The plaintiff established that discovery of those documents was material and necessary to the prosecution of this action, including to establish whether the Diocese had actual or constructive notice of Dwyer's alleged propensity to engage in the sexual abuse of children prior to his alleged abuse of the plaintiff (see Holloway v Orthodox Church in Am., 232 AD3d at 774-775; Harmon v Diocese of Albany, 204 AD3d 1270, 1272-1273). However, to the extent that these documents contain the names of other alleged victims of other priests, the portions of page JRD000062, lines 5, 6, and 8 that include the names of other alleged victims of other priests must be redacted prior to production (see Harmon v Diocese of Albany, 204 AD3d at 1274-1275).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the Diocese to produce certain portions of the personnel file that related to Dwyer's mental health treatment after his retirement, and in granting that branch of the Diocese's cross-motion which was for a protective order as to those portions of the personnel file, as those records were not material and necessary in the prosecution of this action (see Harrington v New York City Tr. Auth., 223 AD3d 787, 788).
Contrary to the Diocese's contention, the Supreme Court providently exercised its discretion in directing the Diocese to disclose page JRD000138 (see J.L. v Archdiocese of New York, 236 AD3d 569, 569; Harmon v Diocese of Albany, 204 AD3d at 1273).
In light of the foregoing, the Diocese's remaining contention need not be reached.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court