John v New York City Tr. Auth. (2025 NY Slip Op 05224)

John v New York City Tr. Auth.

2025 NY Slip Op 05224

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-12481
 (Index No. 519780/17)

[*1]Carmen John, respondent, 
v
New York City Transit Authority, appellant, et al., defendant.

Anna J. Ervolina, Brooklyn, NY (Yolanda L. Ayala and Theresa A. Frame of counsel), for appellant.
G. Wesley Simpson, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 4, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to compel that defendant to produce its training manuals and to produce an additional unnamed witness for deposition.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the plaintiff's motion which were to compel the defendant New York City Transit Authority to produce its training manuals and to produce an additional unnamed witness for deposition are denied.
On June 1, 2017, the plaintiff allegedly was injured while standing in a moving bus operated by the defendant New York City Transit Authority (hereinafter the defendant) when the bus driver allegedly abruptly applied the brakes, causing the plaintiff to fall. In October 2017, the plaintiff commenced this action to recover damages for personal injuries. The defendant subsequently identified Diran Sansui as the bus driver and produced him for deposition.
Thereafter, the plaintiff moved, inter alia, to compel the defendant to comply with certain discovery demands, including to produce the rules, manuals, and pamphlets received by Sanusi during his training to become a bus driver (hereinafter the training manuals), and to compel the defendant to produce an additional unnamed witness with knowledge of specified records to appear for a further deposition. The defendant opposed, among other things, that branch of the plaintiff's motion which was to compel the defendant to produce the training manuals. However, the defendant agreed to produce Sanusi for a further deposition only as to a certain additional document.
By order dated December 4, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to compel the defendant to produce the training manuals. The order further provided that the defendant shall produce an "additional witness" for deposition, without specifying the identity of the additional witness. The defendant appeals from those portions [*2]of the order.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The Court of Appeals has emphasized that "the words, material and necessary, are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Forman v Henkin, 30 NY3d 656, 661 [alteration and internal quotation marks omitted]; see McMahon v Manners, 158 AD3d 616, 617; Levine v City Med. Assoc., P.C., 108 AD3d 746, 747). "The essential test is 'usefulness and reason'" (McMahon v Manners, 158 AD3d at 617, quoting Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746; see Forman v Henkin, 30 NY3d at 661). "'It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy'" (101CO, LLC v Sand Land Corp., 189 AD3d 942, 944, quoting Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050 [internal quotation marks omitted]; see 101CO, LLC v Sand Land Corp., 189 AD3d at 944).
Generally, "where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior, and a plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention" (Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767; see Rrengo v New York City Tr. Auth., 204 AD3d at 1050). Here, the plaintiff expressly concedes that portions of the training manuals relating to the retention or training of the bus driver should not be disclosed given the defendant's admission that the bus driver acted within the scope of his employment (see Rrengo v New York City Tr. Auth., 204 AD3d at 1050; Tangalin v MTA Long Is. Bus, 92 AD3d at 767). Further, the plaintiff failed to show that any alleged remaining portions of the training manuals would yield matter material and necessary to the prosecution or defense of the action (see Rrengo v New York City Tr. Auth., 204 AD3d at 1050; Tangalin v MTA Long Is. Bus, 92 AD3d at 767-768; see also 101CO, LLC v Sand Land Corp., 189 AD3d at 944; cf. Gerardo v Breton, 212 AD3d 461, 462).
In view of the foregoing, the Supreme Court should not have directed the defendant to produce an "additional witness" for deposition, as the defendant only agreed to provide Sanusi for a further deposition as to one specified document.
The parties' remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the plaintiff's motion which were to compel the defendant to produce the training manuals and to produce an additional unnamed witness for deposition.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court