Travelers Excess & Surplus Lines Co. v Via Trivio Corp.
2026 NY Slip Op 03468
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Travelers Excess & Surplus Lines Company, etc., respondent,
v
Via Trivio Corporation, etc., defendant, Crown Deli, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-11737, (Index No. 604017/21)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for appellant.
Nicole E. Lesperance, Melville, NY (Scott W. Driver of counsel), for respondent.

[*1]
DECISION & ORDER
In a subrogation action to recover certain damages paid by the plaintiff to its insured, the defendant Crown Deli, Inc., appeals from an order of the Supreme Court, Nassau County (Danielle M. Peterson, J.), dated September 30, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to compel the defendant Crown Deli Inc., to provide authorizations to obtain its nonparty owner's blood alcohol content test results from March 3, 2019, and certain records of his purchases on March 2, 2019, and March 3, 2019.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the plaintiff's motion which were to compel the defendant Crown Deli, Inc., to provide authorizations to obtain its nonparty owner's blood alcohol content test results from March 3, 2019, and certain records of his purchases on March 2, 2019, and March 3, 2019, are denied.
In April 2021, the plaintiff commenced this subrogation action against the defendant Crown Deli, Inc. (hereinafter Crown Deli), and another defendant to recover damages paid by the plaintiff to its insured, Chatam Management Co., Inc. (hereinafter Chatam), for fire damage to certain real property owned by Chatam. The plaintiff alleged, inter alia, that on March 3, 2019, a fire occurred on the premises which was caused by the negligent operation of a grill and cooking areas by Crown Deli's owner, who was in an impaired or intoxicated state at the time.
Thereafter, the plaintiff moved to compel Crown Deli to produce certain hospital and medical records of its nonparty owner, including his blood alcohol content (hereinafter BAC) test results from the date of the fire, as well as any and all records of purchases he made at a club he visited the night before the fire. Crown Deli opposed the plaintiff's motion. In an order dated September 30, 2024, the Supreme Court granted the plaintiff's motion to the extent that it directed Crown Deli to provide a limited HIPAA-compliant authorization, duly executed by its owner, to obtain his BAC test results from March 3, 2019, and an authorization, duly executed by its owner, to obtain copies of records of his purchases at the club he attended on March 2, 2019, and March 3, 2019. Crown Deli appeals.
"[T]he typical mechanism of securing discovery from a nonparty pursuant to CPLR 3101(a)(4) is the issuance of a subpoena with notice" (Matter of Kapon v Koch, 23 NY3d 32, 36; see CPLR 3101[a][4]). Here, the plaintiff could not compel Crown Deli to provide authorizations from its nonparty owner to obtain his BAC test results and records of his purchases (cf. D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1197). Rather, the plaintiff should have served Crown Deli's owner with a subpoena (see CPLR 3101[a][4]). Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the plaintiff's motion which were to compel Crown Deli to provide authorizations to obtain its owner's BAC test results from March 3, 2019, and certain records of his purchases on March 2, 2019, and March 3, 2019.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court